Wtlt, J.
On the twenty-fourth of March, 1870, Carlos, Marks & Co. had discounted at the Mechanics’ and Traders’ Bank their three promis *178 sory notes for $1000 each, maturing, respectively, in thirty, forty-five and sixty days after date; and as security they pledged the accommodation note of J. Barnett for $3100, drawn to his own order and indorsed in blank, payable sixty days after date,
Carlos, Marks & Co. failed before the maturity of their first note, and it was paid by Barnett, who also paid the second note at maturity.
He applied at the bank to pay the last note, for which his own was held in pledge, at maturity, and its payment was refused, the bank demanding payment of the pledged note in full. The plaintiff, the Mechanics’ and Traders’ Bank, then brought this suit against Barnett for $3100, the full amount of his accommodation note) issued to said Carlos, Marks & Co. The defense is the defendant has paid two of the notes and tendered the plaintiff the amount of the other, for which the instrument sued on was given in pledge, it being a note issued for accommodation and without consideration to the pledgors, Carlos, Marks & Co. The court maintained the defense, giving judgment requiring the plaintiff to deliver to the defendant his note on payment of $1000, costs being paid by the plaintiff.
The plaintiff has appealed.
After the first note of Carlos, Marks & Co. had matured, it is contended, the bank obtained their consent to extend the pledge to cover the sum of $1126 32, the amount overdrawn by said pledgors, not-being aware that the pledged note was accommodation paper.
On the other hand, Carlos, who effected the discount with the bank, swears positively that the president and the cashier were acquainted with the fact that the note of defendant, given in pledge, was executed by him to Carlos, Marks & Co. for accommodation and without consideration. Therefore, if the subsequent conversation between the president of the bank and Carlos, in regard to the overdrawing by the latter, be extended to imply his consent that the pledged note might also be held as collateral security for the amount so overdrawn (on which point the proof is not at all conclusive), it would be of no avail to the plaintiff, because the latter had knowledge that the thing pledged was accommodation paper. We regard the pretended second pledge of the note, or the statement in relation thereto, as a feeble attempt to secure a bad debt of $1126 32, the amount overdrawn by Carlos, Marks & Co. In law and in equity the defendant ought not to be required to pay more than the amount for which the pledge was given, which was nearly the full amount of the pledged note. He has already paid plaintiff two thousand dollars, and has offered to pay the balance — one thousand dollars — which was refused.
The defendant swears he made a tender to plaintiff at maturity of the last note for which his own was pledged; but it is not proved that *179 a formal real tender of the money was made as required by article 407 C. P. The defendant can not, therefore, avail himself of the exoneration from interest and costs stated in article 415 C. P. See, also, 6 La. 19$ 4 E. 144; 2 An. 441; 12 An. 246 $ R. C. 2168,2169$ C. P. 404, 407.
It is therefore ordered that the judgment herein be set aside, and it is decreed that the plaintiff recover of the defendant one thousand dollars, with legal interest from the twenty-fourth of May, 1870, and that the same be paid on plaintiff delivering , to the defendant the note in suit, and also the note of Carlos, Marks & Co. for $1000, payable sixty days from the twenty-fourth of . March, 1870. It is further ordered that defendant pay costs of both courts.